

**FILED**

8/3/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT LEE JAMES JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   21-1812 (UNA) |
| | ) | |
| | ) | |
| CAUSTON TONEY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

Before the Court are Plaintiff's *pro se* Complaint, ECF No. 1, and Application for leave to

proceed *in forma pauperis*, ECF No. 2.  The Court will grant the Application and dismiss the

Complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available

only when a "federal question" is presented or the parties are of diverse citizenship and the amount

in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be

complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the

same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen*

*Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  It is a "well-established rule"

that for an action to proceed in diversity, the citizenship requirement must be "assessed at the time

the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  A party

seeking relief in the district court must at least plead facts that bring the suit within the court's

jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, sues an individual who he alleges fraudulently took "all of my money and sold my house."  Compl. at 1.  Documents attached to the Complaint, ECF No. 1-1, reveal that the Probate Division of the Superior Court of the District of Columbia appointed Defendant as Plaintiff's conservator and that proceedings involving Plaintiff's property in the District are pending in that court.  Here, Plaintiff seeks Defendant's removal as conservator and termination of the conservatorship, but he has pleaded no dispute over which this federal court can exercise jurisdiction.  Therefore, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

DATE:  August 3, 2021

_____
CARL J. NICHOLS
United States District Judge